FRED W. JONES, Jr., Judge.
The defendant Johnson was convicted by a jury of simple burglary (R.S. 14:62) and sentenced to prison for 12 years. The defendant appealed, reserving seven assignments of error, four of which have been abandoned.
During the early morning hours of May 23, 1986 someone burglarized an office building located at 7720 Linwood in Shreveport. The offender broke into a safe that contained cash boxes and took the contents, including over $300 in cash, stock certificates, checks, and similar items. Later that morning a security guard at the Greenwood Inn observed a motel guest dumping a wastebasket full of papers into a trash can located outside his room. An inspection of the discarded papers revealed that they came from the business on Linwood that had been burglarized that morning. The security guard reported this incident to the police. When the Linwood office opened that morning the burglary was discovered and reported to the police. The police went to the Greenwood Inn and arrested the guest, Frank Johnson, identified by the guard as the individual who had discarded the papers.
Johnson consented to a search of his room and automobile. The search produced bank bags (identical to those taken from the Linwood office), cash, burglary tools and gloves. Analysis of the tools showed particles identical to the fire clay found on the safe that was broken into at the Linwood office. It was also later determined that the tread pattern on Johnson’s shoe produced substantially the same print as one found at the crime scene.
Johnson was originally charged with three counts of simple burglary, including two counts involving the Linwood office building and one involving a burglary committed at 1609 North Market in Shreveport. Upon defendant’s motion, severance was granted as to the Market Street burglary, and defendant went to trial on the other two counts.
At the beginning of the trial the amended bill, charging two counts of burglary at 7720 Linwood, was read to the jury. The prosecutor included in his opening statement the following comment:
“Mr. Frank Johnson is charged with burglary of Executive Underwriters, which is located at 7720 Linwood, and he is charged with the burglary of Galaxia Financial, which is located at 7720 Linwood; two different businesses, two different rooms, in which those businesses are operated.”
The state called a number of witnesses who testified concerning the offenses charged. Several described the physical and organizational connexity between Executive Underwriters and Galaxia. Although separate corporations and businesses, the two shared office space. Executive *1361 Underwriters controlled the lease and “wrote the business.” Galaxia provided the financing for purchasers of insurance who did not have the cash to pay the premiums. Galaxia had a separate desk and a locked cash drawer, but shared the other office facilities with Executive Underwriters. In summary, the safe that was broken into was located in office space occupied by both Executive Underwriters and Galaxia.
At the conclusion of the presentation of its case, the state announced its intention to dismiss the second count of the charge against Johnson, which involved the burglary of Galaxia. Agreeing, the trial judge stated:
“I believe the reason for that would be, the evidence would not support a break-in of two separate structures under the law, and the defendant, if convicted, could only be convicted of one burglary rather than two counts.”
The defendant moved for a mistrial, since the defendant had come before the jury charged with two counts of burglary rather than one count. The motion was denied. Defendant rested his case without presenting any evidence. The trial judge gave the jury the following explanation for the dismissal of one count of the burglary charge:
“The attorneys have discussed this matter with me and have agreed that I would make a brief explanation to you that the reasons for dropping count two of the indictment dealing with Galaxia Financial, Incorporated, is that the crime of burglary requires that a structure had been entered, and the evidence in this case tends to show that only one structure was entered rather than two structures, and the defendant could not, as a matter of law, be convicted of two burglaries.”
As stated, the defendant was convicted of the one count of simple burglary and a prison sentence imposed.
The three assignments of error argued by the defendant all relate to the contention that the trial judge erred in denying the motion for mistrial. Defendant argues that he was prejudiced by being charged with two separate crimes when the state should have known that only one offense was committed.
La.C.Cr.P. Article 775 provides in part:
A mistrial may be ordered, and in a jury case the jury dismissed, when:
[[Image here]]
3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law;
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
The determination as to whether a mistrial shall be granted under Article 775 is within the sound discretion of the trial judge and the denial of a motion for a mistrial will not be disturbed on appeal absent an abuse of that discretion. State v. Smith, 433 So.2d 688 (La.1983). The motion should be granted only where the defendant suffers such substantial prejudice that he has been deprived of a reasonable expectation of a fair trial.
Defendant argues that the bill of information in this case was “legally defective” because it charged him with two counts of burglary while the evidence only supported one of those counts. This does not constitute a legal defect in the bill of information. Whether the evidence presented is sufficient to support a finding of guilt is generally a determination to be made by the fact-finder. On the other hand, the cited portion of Article 775 anticipates a defect in the charge which would make a judgment reversible as a matter of law. For instance, where a defendant is charged by bill of information rather than an indictment. State v. Ruple, 437 So.2d 873 (La.App. 2d Cir.1983).
On the other hand, in State v. Lozier, 375 So.2d 1333 (La.1979) it was ruled that a trial court properly refused defendant’s motion for a mistrial based on an amendment of the bill of information after a *1362 burglary trial had begun, where such amendment corrected a good faith error as to the number of the apartment in which the burglary occurred and defendant failed to present any evidence of prejudice. It was held in State v. Huntley, 438 So.2d 1188 (La.App. 3d Cir.1983) that a mistrial was not warranted for a clerk’s inadvertent reading of a minute entry relating to an unrelated case against defendant’s brother, at the opening of trial, since defendant's assertion that he was prejudiced by this erroneous reading was deemed purely speculative and not supported by the record.
For these reasons, the bill of information against the defendant was not legally defective simply because the evidence only supported one of the counts rather than both of them.
Defendant implies in his argument that the prosecution improperly “stacked” the charges against him for the sole purpose of prejudicing him in the eyes of the jury. There is no evidence in the record to support this allegation. After the testimony showed that only one burglary was committed rather than two, the prosecution exercised its legal prerogative by dismissing one of the charges. The trial judge clearly explained to the jury why this was done. We discern no prejudice to the defendant.
Since the assignments of error filed by defendant lack merit, we AFFIRM defendant’s conviction and sentence.
ON APPLICATION FOR REHEARING
Before JASPER E. JONES, FRED W. JONES, Jr., MARVIN, LINDSAY and HALL, JJ.
Rehearing denied.