hLABORDE, Judge.
The defendant, Allen Riche, II, was charged by bill of indictment with two counts of contributing to the delinquency of juveniles, which were cited as violations of La. R.S. 14:92A(3). After the state rested its case in the first trial, the judge ruled sua sponte that a mistrial had occurred due to a substantial error in the indictment. Subsequently, the state filed a bill of information again charging the defendant under the same statute number, but changing the name of the victim. Upon the defendant’s oral motion for a bill of particulars, the state indicated for the first time that it was actually pursuing the defendant under La.R.S. 14:92 A(9) and 14:91.2. The defendant moved to quash the original bill of information on the ground of double jeopardy and the oral charges on the ground of prescription, for the state’s failure to timely institute prosecution. The motion to quash was granted on the ground of double jeopardy. The state appeals the granting of defendant’s motion to quash. We reverse, finding that double jeopardy does not apply and remand the case for further preceedings.

FACTS

On the evening of Monday, September 30, 1991, Deputy Peltier of the Vermilion Parish Sheriffs Office was dispatched to the Bo-urque home located in a rural area of the parish. He arrived to find ten (10) year old Blake Bourque ill in the family bathroom, and the prevalent |2smell of alcohol. The young child was drunk to the point of being semi-conscious. The mother was told to take him to the hospital.
The investigation prompted by this incident revealed that Bourque had been with other neighborhood children drinking brandy from a one-gallon jug. The others with Bo-urque were David Brannon, Richard Bau-doin, Raymond Guidry, and Nelson Lacoste, who were sixteen, fourteen, fourteen and an unknown age respectively. One of the boys retrieved the gallon bottle of brandy and turned it over to the deputy. By this time the bottle was less than half full. The boys indicated to the deputy that the defendant had supplied them with the liquor. Attempts to speak with the defendant that evening were unsuccessful.
At the grand jury Baudoin testified that the defendant had twice given him and his friends gallon jugs of liquor. Baudoin indicated the dates of the incidents as September 27, 1991, and September 30, 1991. The grand jury indicted the defendant, charging him as follows:
Count #1 September 27, 1991
did intentionally and unlawfully entice, aid and permit Richard Baudoin, a child under the age of seventeen (17) years, to consume alcoholic beverages; in violation of LSA-R.S. 14:92(3)
Count #2 September 30, 1992
did intentionally and unlawfully entice, aid and permit Richard Baudoin, a child under the age of seventeen (17) years, to consume alcoholic beverages; in violation of LSA-R.S. 14:92(3)
At trial on December 11, 1992, Baudoin testified that he did not personally receive alcohol from the defendant, nor was he present when the defendant gave the liquor to Guidry on September 27, or Brannon on September 30. When confronted with his Grand Jury testimony, Baudoin stated that it was wrong and his present testimony was the correct version of what happened on the two occasions. After the state rested the defense counsel moved for a directed verdict in favor of the defendant arguing that the state had failed to prove that the defendant “intentionally enticed, aided, or permitted Richard Baudoin to visit any place where beverages of either high or low alcoholic content were the principal commodity sold or given away. There is no evidence that has been presented that he ever enticed them to go into any kind of establishment such as this.” This conduct is prohibited pursuant to La.R.S. 14:92 A(3).
The state disagreed with the defense counsel as to what the indictment charged, and stated that “[t]he indictment charges the defendant with contributing to the delinquency of a juvenile by specifically unlawfully enticing, aiding, and permitting Richard Baudoin, a child launder the age of seventeen, to con *564 sume alcoholic beverages.” The state argued that the admission of the evidence that the defendant gave the liquor to Guidry and Brannon “expanded” the pleadings and amended the indictment by the admission of evidence that the defendant contributed to the delinquency of the two other juveniles. The trial court did not allow the state to amend the indictment against defendant, but instead granted a mistrial sua sponte. In his written reasons for judgment the trial court noted that the state had failed to prove its case in establishing that two counts of contributing to the delinquency of a juvenile had been committed against Baudoin. The court found the indictment against the defendant fatally defective and unable to be amended so as to render it valid. The court found that changing the name of the victim stated in the indictment at this point in the proceedings mandated a mistrial pursuant to La.Code Crim.P. art. 487.
The defendant did not seek a writ of review of the granting of the mistrial, nor for the denial of his motion for acquittal. The state did not seek review of the denial of its request to amend the indictment. Instead, the defendant was recharged by bill of information on January 25, 1993, as follows:
Count # 1 September 27, 1991
did intentionally and unlawfully entice, aid and permit David Brannon, a child under the age of seventeen (17) years, to consume alcoholic beverages; in violation of LSA-R.S. 14:92(3)
Count # 2 September 30, 1991
did intentionally and unlawfully entice, aid and permit Raymond Lee Guidry, a child under the age of seventeen (17) years, to consume alcoholic beverages; in violation of LSA-R.S. 14:92(3)
The defendant retained new counsel, Mr. Douglas Saloom, who filed no pretrial motions on behalf of the defendant except motions for continuance of several trial dates. One of these motions for continuance was granted by the trial judge only after counsel for the defendant agreed to waive the claim of prescription, or expiration of the time limits to commence trial. On February 11, 1994, the day of defendant’s second trial, Mr. Saloom requested of the state “designation with precision the statute in which it is proceeding.” The state acknowledged that no statute designated La.R.S. 14:92(3) existed and explained it must have been a typographical error and that the statute in question actually should be 14:92 A(9). This statute makes it unlawful to intentionally entice, aid or permit a juvenile under the age of seventeen to “violate any law of the state or ordinance of any parish or village, or town or city of the state;” The Ldefendant then requested that the state advise him of which law or ordinance it was referring. The state questioned the appropriateness of the defendant’s request, objecting to the fact that counsel for the defendant had not filed a motion for bill of particulars within the time limits set forth by La.Code Crim.P. art. 521. The trial court overruled the state’s objection and required it to inform the defendant of the statute or ordinance the defendant was alleged to have caused the juveniles to violate. The state informed the defendant he was charged with contributing to the delinquency of a juvenile pursuant to La.R.S. 14:92 A(9) and 14:91.2.
Counsel for the defendant then orally moved to quash the bill of information claiming that it was prescribed. He argued that his earlier waiver of the defendant’s claim of prescription, made in order to receive a continuance of trial, applied only to the original bill of information, explaining the state’s oral amendment of the bill of information charged a new misdemeanor crime for which the time limitations for instituting prosecution had prescribed.
This ground of prescription was the second claim to quash the bill of information. The defendant originally made a motion to quash on the ground that he was being subjected to double jeopardy. The state initially objected to the defendant’s failure to file a written motion to quash on both claims as required by La.Code Crim.P. art. 536, but eventually the state waived the objection in order to allow the trial court to rule and to prevent a delay of the trial. The trial court did not address the claim of prescription because it *565 granted the motion to quash on the ground of double jeopardy. The state now appeals the trial court judgment alleging that the trial court erred in granting the defendant’s motion to quash on the ground of double jeopardy-

LAW

Double jeopardy does not apply where a mistrial has been properly granted. The first trial judge found that the incorrect victim name in the bill of indictment was a substantial defect requiring a mistrial since the trial had commenced. We agree.
La.Code Crim.P. art. 473 provides that “[w]hen the name of the person injured is substantial and not merely descriptive, such as when the injury is to the person, as in murder, rape, or battery, the indictment shall state the true name of the victim or the name, appellation, or nickname by which he is known.” The official comment to the article in paragraph (a) explains |5that this article follows the sound rule that an allegation of the name of the injured party is essential in an indictment for crimes against the person as opposed to crimes against property where the owner’s name is part of the property’s description. The crime of contributing to the delinquency of a juvenile consists of an injury to a juvenile and is a victim specific crime. Therefore, the bill of indictment which incorrectly named the victim had a substantial defect. La.Code Crim.P. art. 487 provides that where there is a substantive defect in the bill of indictment or information the bill may be amended prior to trial, however after the trial begins a mistrial must be ordered. This article is congruent with La. Code Crim.P. art. 775(3), which allows a mistrial to be ordered when there is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law. A substantial defect in the bill of indictment is such a defect.
Finally, La.Code Crim.P. art. 591 provides that “[n]o person shall be twice put in jeopardy of life or liberty for the same offense, except, when on his own motion, a new trial has been granted or judgment has been arrested, or where there has been a mistrial legally ordered under the provisions of Article 775 or ordered with the express consent of the defendant.” We agree that a mistrial was properly granted by the original trial judge and thus, find the granting of the motion to quash the bill of information on the ground of double jeopardy was improper.
In his brief to this court, the defendant, considering the possible reversal of the trial court’s ruling finding double jeopardy, reurged the second ground of his motion to quash. The defendant argued that the time limits for prosecution of the new misdemeanors, charged orally by the state on the first day of the second trial, had expired. The only assignments of error reviewed in criminal appeals are those filed by the party appealing, which in this case is the State of Louisiana. La.Code Crim.P. art. 844 A. Thus, although we did not consider defendant’s argument on this issue in reaching our decision, we will briefly address the issue raised by the defendant.
Defendant’s argument is based on the fact that the original bill of information charged the defendant with two violations of La.R.S. 14:92(3), of which there is no such statute number. The bill described the crime as intentionally and unlawfully enticing, aiding and permitting the juveniles “to consume alcoholic beverages.” La.R.S. 14:92 contains no such provision. On the 16day of the second trial, February 11, 1994, when asked what statute it was proceeding under, the state informed the defendant for the first time that it was proceeding against him pursuant to La.R.S. 14:92 A(9) which makes it unlawful to contribute to the delinquency of a juvenile by intentionally enticing, aiding or permitting the juvenile to violate any law of the state or ordinance of any parish or village, or town or city of the state. The defendant then asked to be informed of what law or ordinance he had enticed, aided or permitted the juveniles to violate. The state finally revealed that the law involved was a state statute, La.R.S. 14:91.2, which makes it unlawful for any person under the age of seventeen to purchase or possess any alcoholic beverage either of high or low alcoholic content. The defendant argued these were new misdemeanor charges upon which pre- *566 seription had run pursuant to La.Code Crim.P. art. 572(3).
The defendant’s actions on the day of the second trial constituted a request for a bill of particulars. A bill of particulars does not create a new bill of information. In the present case, the state attempted to orally correct a technical deficiency in the citation to the criminal statute the defendant was charged with violating. The state may amend a bill of information to correct any defect or error in form. The failure of a bill of information to cite the correct criminal statute number is a technical deficiency in the bill of information and the state may amend or correct the error any time before trial begins. La.Code Crim.P. art. 464; State v. Sims, 426 So.2d 148, 158 (La.1983); State v. Crocker, 551 So.2d 707, 712 (La.App. 1st Cir.1989).
DECREE
Trial court ruling is reversed and the ease is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.