665 So.2d 608 (1995)
STATE of Louisiana
v.
Enriqueta BODENHEIMER.
No. 95-K-861.
Court of Appeal of Louisiana, Fifth Circuit.
November 28, 1995.
Writ Denied February 9, 1996.
Mark S. McTernan, New Orleans, for Defendant/Relator.
John M. Mamoulides, District Attorney, Terry M. Boudreaux and Leigh Anne Wall, Assistant District Attorneys, Parish of Jefferson, Gretna, for Respondent.
Before GAUDIN, WICKER and GOTHARD, JJ.
PER CURIAM.
Relator, Enriqueta Bodenheimer, claims that the trial court's retroactive application of the repeal of La.Code Crim.P. art. 894 B in this case violated the Ex Post Facto Clauses of the federal and state constitutions. She asks this court to vacate her sentence and to remand for re-sentencing under the provisions of Article 894 B which existed at the time of her arrest. The state responds that the repeal of Article 894 B does not fall within any of the recognized categories of ex post facto violations prohibited by the constitutions.
According to the writ application, relator was arrested on December 6, 1994 in Jefferson Parish on charges of operating a vehicle while intoxicated, in violation of La.R.S. 14:98, and careless operation of a motor vehicle, in violation of La.R.S. 32:58[1]. Based on those charges, the state filed a bill of information against relator in Second Parish Court on January 5, 1995. Relator pled not guilty to the charges at her arraignment on January 30, 1995, and the case was set for trial. Following continuances granted twice at defense requests and once on the state's request, relator appeared for trial on September 14, 1995. On the basis of a plea agreement reached by the state and relator, the state dismissed the careless operation *609 charge against relator and reduced the DWI charge to reckless operation of a vehicle in violation of La.R.S. 14:99. Relator tendered a plea of guilty to the reduced charge, and the parish court judge then stated:
... The court will impose a fine of $100 and cost. Since it is the first offense it would normally be subject to Section 894 which has been repealed; however, there's some question about whether or not that law is retroactive to the date on which this offense occurred. Therefore, I don't feel that I need to make thatmy attitude is that it's procedural in nature and therefore retroactive; however, you may wish to appeal that.
Relator thereafter reserved her right to seek review of the parish court's retroactive application of the repeal of La.Code Crim.P. art. 894 B, and this writ application resulted. By order of this court, the state filed a response to the application on October 25, 1995. Relator filed a reply brief on November 7, 1995.
According to relator, the repeal of Article 894 B of the Code of Criminal Procedure removed a sentencing option previously available to the judge in this case, and resulted in a harsher sentencing scheme than the one in effect at the time of relator's arrest on December 6, 1994. Relator argues that retroactive application of Article 894 B's repeal violates the Ex Post Facto Clauses of the federal and state constitutions by increasing the penalty for her offense from what it was at the time the offense was committed. In its response, the state urges that sentencing changes brought about by the repeal of Article 894 B do not fall within any of the categories of constitutionally proscribed ex post facto violations. The trial court's retroactive application of the article's repeal, according to the state, was therefore correct.
Before the 1995 regular session of the Louisiana Legislature, Article 894 of the Code of Criminal Procedure read as follows:
A. (1) Notwithstanding any other provision of this Article to the contrary, when a defendant has been convicted of a misdemeanor, except criminal neglect of family, the court may suspend the imposition or the execution of the whole or any part of the sentence imposed, provided suspension is not prohibited by law, and place the defendant on unsupervised probation or probation supervised by a probation office, agency, or officer designated by the court, other than the division of probation and parole of the Department of Public Safety and Corrections, upon such conditions as the court may fix. Such suspension of sentence and probation shall be for a period of two years or such shorter period as the court may specify.
(2) When a suspended sentence in excess of six months is imposed, the court may place the defendant on probation under the supervision of the Department of Public Safety and Corrections, division of probation and parole, for a period of not more than two years and under such conditions as the court may specify.
(3) When a defendant has been convicted of the misdemeanor offense of operating a vehicle while intoxicated, second offense, the court may suspend the imposition or the execution of the whole or any part of the sentence imposed and place the defendant on unsupervised or supervised probation upon such conditions as the court may fix, where suspension is not prohibited under the law. Such suspension of sentence and probation shall be for a period of two years or such shorter period as the court may specify.
(4) The court may suspend, reduce, or amend a misdemeanor sentence after the defendant has begun to serve the sentence.
B. When the imposition of sentence has been suspended by the court, as authorized by this Article, and the court finds at the conclusion of the period of suspension that the defendant has not been convicted of any other offense during the period of the suspended sentence, and that no criminal charge is pending against him, the court may set the conviction aside and dismiss the prosecution. The dismissal of the prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender. Discharge and dismissal under this provision *610 may occur only once with respect to any person during a five-year period.
C. Nothing contained herein shall be construed as being a basis for destruction of records of the arrest and prosecution of any person convicted of a misdemeanor.
During its 1995 regular session, the Legislature enacted La.Acts 1995, No. 1251. Section 4 of Act 1251 repealed subparagraph B of Article 894 in its entirety. Act 1251 became effective on August 15, 1995, well after the December 6, 1994 arrest of relator.
Ex post facto application of criminal laws by the state is prohibited by Article I, Section 10 of the United States Constitution and by Article I, Section 23 of the Louisiana Constitution. The United States Supreme Court discussed the nature of ex post facto violations in Collins v. Youngblood, 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990), and determined that the constitutional prohibition against ex post facto laws is triggered only by a statute which:
... punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed ...
Collins v. Youngblood, 497 U.S. at 42, 110 S.Ct. at 2719 [quoting Beazell v. Ohio, 269 U.S. 167, 169-170, 46 S.Ct. 68, 68, 70 L.Ed. 216 (1925) ].
A constitutionally prohibited ex post facto violation requires more than simply a retrospective law which alters a defendant's situation to his disadvantage. Collins, 497 U.S. at 50, 110 S.Ct. at 2723. Conversely, a retrospective change in the law is not insulated from ex post facto scrutiny merely by labeling the change as "procedural," because certain procedural changes may deprive a defendant of substantial protections in a manner constituting an ex post facto violation. Collins, 497 U.S. at 45-46, 110 S.Ct. at 2720-2721 [citing, among other cases, Beazell, 269 U.S. at 171, 46 S.Ct. at 69, and Duncan v. Missouri, 152 U.S. 377, 382-383, 14 S.Ct. 570, 571-572, 38 L.Ed. 485 (1894) ].
Our own Supreme Court recently addressed the constitutional parameters of ex post facto application of criminal laws in its per curiam opinion in State v. Rolen, 95-0347, p. 3 (La. 9/15/95, revised 11/1/95), 662 So.2d 446, 448:
Art. I, § 10 of the United States Constitution and La. Const. art. I, § 23 prohibit the ex post facto application of the criminal law by the state. For a criminal or penal law to fall within this prohibition, it "must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver v. Graham, 450 U.S. 24 [29], 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). "Critical to relief under the Ex Post Facto Clause," Weaver observes, "is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." Id. (Emphasis supplied). The Ex Post Facto Clause therefore assures "that persons have fair notice of potential criminal punishment and will be able to rely for their conduct on the criminal law as it exists at the time of their acts." Prater v. United States Parole Comm'n, 764 F.2d 1230, 1239 (7th Cir.1985).
The Supreme Court granted writs in Rolen, supra, to resolve a split in the courts of appeal over the question of whether retroactive application of a 1993 amendment enlarging the cleansing period under the state DWI statute[2] violated the Ex Post Facto Clauses of the federal and state constitutions. The amendment increased from 5 to 10 years the period of time within which a prior DWI conviction could be used by the state in a repeat offender prosecution under the DWI statute. The Supreme Court agreed with the analysis of the Second and Third Circuits, based on Collins v. Youngblood, supra, that the retroactive application of the amendment did not violate the Ex Post Facto Clause. The Court in Rolen also found that the amendment's retroactive application to the case was not fundamentally unfair.
*611 Applying the foregoing constitutional guidelines to the present case, the retroactive application of the repeal of La.Code Crim.P. art. 894 B does not result in an ex post facto violation. The repeal of that article does not change the punishment for a crime to inflict a greater penalty than that authorized for the crime at the time of its commission, as relator would suggest. Article 894 B was not part of the penalty provision of any criminal statute, but formed part of the provisions governing suspension of sentences and probation in misdemeanor cases. Although the judge in this case indicated that he would have imposed relator's sentence under Article 894 B, defendants in misdemeanor cases were never vested with an unconditional right to be sentenced under that provision. Rather, the decision whether to sentence a misdemeanor defendant under Article 894 B rested with the discretion of the trial court judge.
We hold that the repeal of La.Code Crim.P. art. 894 B is therefore applicable, retroactively, without violating the Ex Post Facto Clauses of the United States Constitution or the Louisiana Constitution. Moreover, the retroactive application of the repeal in this case is not fundamentally unfair.
Accordingly, the writ is denied.
NOTES
[1] In her writ application, relator incorrectly refers to the citation for the careless operation statute as La.R.S. 32:53.
[2] La.R.S. 14:98(F).