JaFITZSIMMONS, Judge.
Defendant, Kenneth Scott, was charged by bill of information with possession of a firearm by a convicted felon, a violation of LSA-R.S. 14:95.1. The bill charged that the instant offense was committed on or about August 31, 1994, and further charged as the underlying felony conviction, an August 23, 1994, guilty plea by defendant to possession of cocaine entered in the Nineteenth Judicial District Court. Defendant filed a motion to quash the bill of information on the basis that he had not been convicted of the requisite underlying felony alleged in the bill of information: his adjudication of guilt and sentence for the underlying felony had been deferred pursuant to the provisions of LSA-R.S. 40:983. The trial court held a hearing on the motion. During the hearing, the state filed with the trial court certified copies of the bill of information (charging the underlying felony was committed between approximately December 6-8, 1993). The state also filed the court minutes relating to the August 23, 1994, arraignment proceeding at which the predicate plea was entered and the November 29, 1994, sentencing for the underlying felony. The court minutes of August 23 do not reflect that the predicate plea was *157 anything other than an unconditional guilty plea. However, the November 29 court minutes clearly reflect that the sentence for the predicate plea was under the provisions of LSA-R.S. 40:983 which were in effect at that time.
At the conclusion of the hearing, the trial court denied the motion. Defendant then pled guilty as charged, reserving his right to appeal the ruling on the motion. See, State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced defendant to imprisonment at hard labor for a term of three years, and to pay a one thousand dollar fine. The court credited defendant with time served and suspended the imposition of the fine.[1] Defendant now ^appeals, alleging as his sole assignment of error the denial of the motion to quash.
On appeal, defendant contends, as he did at the trial court level, that the deferment of his sentence and his placement on probation without an adjudication of guilt for the possession of cocaine offense pursuant to LSA-R.S. 40:983, preclude use of that offense as a predicate for the instant offense. Hence, he concludes that the requisite predicate felony conviction for possession of a firearm by a convicted felon is lacking; and, consequently, the trial court erred by denying the motion to quash.
The provisions of LSA-R.S. 14:95.1 applicable to the instant offense (prior to amendment by 1995 La.Acts, No. 987, § 1), provide in pertinent part:
A. It is unlawful for any person who has been convicted of ... any violation of the Uniform Controlled Dangerous Substances Law which is a felony ... to possess a firearm or carry a concealed weapon.
⅜ * * * * *
C. Except as otherwise specifically provided, this Section shall not apply to the following eases:
(1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
(2) Upon completion of sentence, probation, parole, or suspension of sentence the convicted felon shall have the right to apply to the sheriff of the parish in which he resides, or in the case of Orleans Parish the superintendent of police, for a permit to possess firearms. The felon shall be entitled to possess the firearm upon the issuing of the permit.
(3) The sheriff or superintendent of police, as the case may be, shall immediately notify the Department of Public Safety, in writing, of the issuance of each permit granted under this Section, [footnote omitted; italics supplied]
Louisiana revised statute 40:983 (as amended by 1994 La.Acts, 3rd Ex.Sess., No. 101, § 1 and prior to repeal of the 14statute[2]), in effect at the time defendant’s sentence for the possession of cocaine guilty plea was deferred, provided as follows:
A. Whenever any person who has not previously been convicted of any felony under any law or any misdemeanor under this Part pleads guilty to or is convicted of having violated R.S. 40:966(C)(3), R.S. 40:967(C), R.S. 40:968(C), R.S. 40:969(0) or R.S. 40:970(0) of this Part, and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer proceedings and place him on probation upon such reasonable terms and conditions as may be required. Among such conditions the court shall order that the defendant perform not less than one hun *158 dred hours of court-approved community service that may include manual labor.
B. Upon the defendant’s violation of any of the terms or conditions of his probation, the court may revoke his probation, enter an adjudication of guilt, and impose sentence upon such person. The entering of the adjudication of guilt shall be retroactive to the date the defendant pled guilty or was convicted under Subsection A of this Section, but the imposition or execution of sentence shall not be retroactive.
C. Upon fulfillment of the terms and conditions of probation imposed in accordance with this Section, the court shall discharge such person and dismiss the proceedings against him.
D. Discharge and dismissal under this Section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.
E. Discharge and dismissal under this Section may occur only once with respect to any person, [italics supplied]
Louisiana revised statute 14:95.1’s proscription against possessing a firearm applies to “any person who has been convicted” of certain felonies. Article 934(3) of the Code of Criminal Procedure defines “convicted” as “adjudicated guilty after a plea or after trial on the merits.”
In the matter before us, the trial judge accepted a plea of guilty by the defendant pursuant to La.R.S. 40:983. Without I sentering judgment proceedings or imposing sentence, she placed the defendant on probation, all in accordance with the dictates of La.R.S. 40:983 A. That legislative provision directs the judge to impose reasonable probationary terms and conditions. If those conditions are not satisfied, La.R.S. 40:983(B), authorizes the court to revoke the defendant’s probation, enter an adjudication of guilt, and impose sentence.
Of significance to this appeal is the fact that no adjudication of guilt, or conviction, transpires until, and unless, the court deems that the probation has been violated, and the party in question has been, thereafter, adjudged a felon. The proper procedure should have been a motion for a hearing to revoke the probation and enter an adjudication of guilt, on the basis of defendant’s violation of terms of probation. Said adjudication of guilt, if granted, would be retroactive to the date defendant pled guilty. If the trial judge entered an adjudication of guilty of possession of cocaine, the prerequisite condition of a predicate felony offense would have been satisfied. However, the inchoate and undetermined nature of defendant’s adjudication as it is presented to this court, does not attain the status necessary to use that offense as a predicate for the instant offense.
Accordingly, the challenged predicate was not properly used in this ease. The trial court incorrectly denied the motion to quash. The conviction of possession of a firearm by a convicted felon in violation of La.R.S. 14:95.1 is reversed, and the matter is remanded to the district court for proceedings in accordance with this decision.
REVERSED AND REMANDED.
GONZALES, J., dissents and assigns reasons.

. Although the trial court erred by not imposing the term of imprisonment without benefit of parole and by suspending imposition of the mandatory fine provided by the provisions of LSA-R.S. 14:95.1(B) prior to amendment by 1995 La.Acts, No. 987, § 1, this Court will not correct these errors as the errors are in defendant’s favor and the state has not appealed the illegality of the sentence. See State v. Fraser, 484 So.2d 122 (La.1986).

. Effective August 15, 1995, LSA-R.S. 40:983 was expressly repealed in its entirety by 1995 La.Acts, No. 1251, § 2.