1YELVERTON, J.
Defendant, David Caicedo Asprilla, was charged by bill of information with the crime of possession of four hundred grams or more of cocaine and possession with the intent to distribute, a violation of La.R.S. 40:967(F)(c), La.R.S. 40:979, and La.R.S. 40:964(A)(4). On November 18, 1994, the defendant entered a plea of not guilty. After the trial began but before the taking *686 of evidence, the State requested a recess in order to serve a witness, and the judge, finding that the witness was a material one, ordered a mistrial. In February 1998 the matter was tried, and the [^defendant was found guilty of one count of possessing more than four hundred grams of cocaine. The court sentenced the defendant to serve thirty years at hard labor without benefit of parole, probation, or suspension of sentence. The defendant now appeals on the basis of three assignments of error. Because we find reversible error as to one assignment, this is the only assignment we will discuss.
The trial court improperly granted a mistrial over the objection of the defendant, thereby causing him to be subjected to'double jeopardy in violation of the Louisiana Constitution, Article 1, Section 13, and the Louisiana Code of Criminal Procedure Article 596.
On October 4, 1995, the defendant was present in court and a jury of twelve was selected and sworn in. On October 12, 1995, the defendant returned to court for the jury trial. After efforts to reach a plea agreement failed, the State moved for a recess on the ground that Alvin Dussette, a State witness, had not been served to appear for the trial. The trial court found that Dussette was material to the case and that the trial could not go forward without his testimony. The court found that, because other cases were set for trial, it could not grant a recess, so it granted a mistrial. The defendant did not consent to the mistrial. The record shows that, after the mistrial was granted, counsel for the co-defendant, Henry Mina, objected to the ruling. Trial was then rescheduled. The defendant moved to quash the new trial on the grounds of double jeopardy. The trial court denied the defendant’s motion to quash.
Because the defendant did not consent to the mistrial and because the mistrial did not meet one of the requirements as set forth in La.Code Crim.P. art. 775,13the “mistrial” was an illegal dismissal, and further prosecution was barred by double jeopardy considerations.
This rule of law was explained in State v. Joseph, 434 So.2d 1057, 1060 (La.1983):
The effect of the articles [La.Code Crim.P. arts. 775 and 591] taken together is as follows:
(1) Mistrials, without the consent of the defendant, are permitted under certain limited circumstances such as inability of the jury to agree, physical impossibility to proceed, etc.
(2) All other dismissals of the jury prior to verdict without the defendant’s consent will not be mistrials at all, even though the court may so label them, but will be illegal dismissals, and in such cases the principles of double jeopardy will come into operation.
La.Code Crim.P. art. 775 provides:
A mistrial may be ordered, and in a jury case the jury dismissed, when:
(1) The defendant consents thereto;
(2) The jury is unable to agree upon a verdict;
(3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law;
(4) The court finds that the defendant does not have the mental capacity to proceed;
(5) It is physically impossible to proceed with the trial in conformity with law; or
(6) False statements of a juror on voir dire prevent a fair trial.
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it | impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
A mistrial shall be ordered, and in a jury case the jury dismissed, when the *687 state and the defendant jointly move for a mistrial.
In State v. Simpson, 371 So.2d 733, 737 (La.1979), the court stated that “situations may arise in which it may seem advisable to declare the mistrial without the defendant’s consent, but which do not fit into the circumstances enumerated in Article 775. In such situations, a ‘mistrial’ declared without the defendant’s consent would actually constitute an illegal dismissal, and a retrial would be prevented by the constitutional protection against double jeopardy.”
In the present case, the defendant did not consent to the mistrial. The State contends that the defendant did not object to the granting of the mistrial and therefore this issue is not properly before this court. We find from the record that the defendant objected to the mistrial. When the State requested a recess to allow it to serve a witness, the defendant objected. In rendering his decision, the judge stated, “[A] recess would not be proper at, at this time to try this case on the 20th or any other day this month, because uh, the Criminal Rule day has already been set for' that day and a full docket is on schedule as well as Trials scheduled for these other dates. So taking that in consideration, accordingly this Court is gonna grant a Mistrial in this case.” Whereupon the defendant once again objected.
His co-defendant, Henry Mina objected also, and the defendant got the benefit of that objection under La.Code Crim.P. art. 842. The trial judge also recognized the objection. This objection, in context with the objections concerning 15the request for granting of a recess, was sufficient for this court to find there was a contemporaneous objection to the court’s ruling.
By ordering a mistrial that was not in compliance with Article 775 and was without the defendant’s consent, the trial judge impermissibly deprived the defendant of his right to have his trial completed by the jury before which he had been placed in jeopardy. Article 592 of the Louisiana Code of Criminal Procedure states in part that “[wjhen a defendant pleads not guilty and is tried by jury, jeopardy begins when the jury panel is sworn pursuant to Article 790.”
The trial court erred when it denied the defendant’s motion to quash because of double jeopardy. The defendant’s conviction is reversed, and his sentence is set aside.
REVERSED.