| iDECUIR, Judge.
This is an appeal of the conviction and sentence of Mark Anthony Stein for attempted possession of a firearm by a convicted felon, a violation of La.R.S. 14:95.1 and 14:27. For the reasons that follow, we reverse.
FACTS
The Defendant and another man attacked three men at a car wash in St. Landry Parish; the Defendant was armed with a handgun and he used it to beat the other men. This attack occurred on January 26, 1997. The Defendant was arrested and charged with three counts of aggravat *699 ed battery and possession of a firearm by a convicted felon.
Fifteen months earlier, on October 15, 1995, the Defendant appeared before Judge Edward Rubin in Lafayette Parish and entered a plea of “no contest” to a charge of possession of cocaine. Pursuant to a plea agreement, the trial judge placed the Defendant on three years probation pursuant to La.R.S. 40:983 (Repealed). The | ¡¿Defendant was on probation when he committed the aggravated batteries with the handgun.
The Defendant’s first trial began and ended on October 29, 1997, when the trial judge declared a mistrial during opening statements. During the Defendant’s opening statement to the jury, trial counsel informed the jury that the State could not prove the essential element of a prior felony conviction since the Defendant had not been “convicted” of possession of cocaine in Lafayette Parish. The trial judge ruled that there was a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law. La. Code Crim.P. art. 775(3). Both the Defendant and the State objected to the trial judge declaring a mistrial. After declaring a mistrial, the trial judge told the Defendant he should file a motion to quash, but trial counsel for the Defendant informed the court that she made a tactical decision not to file a motion to quash before trial but rather chose to proceed to trial in order to obtain an acquittal.
The Defendant filed a motion to quash on November 14, 1997, and the matter was set for hearing at a later date. While the motion to quash was pending in St. Landry Parish, the Defendant’s probation was revoked in Lafayette Parish on January 12, 1998, and the Defendant was convicted and sentenced for- possession of cocaine. On May 5, 1998, the trial judge granted the Defendant’s motion to quash the original bill of information. At that same hearing, the State filed a second bill of information charging the Defendant with possession of a firearm by a convicted felon; the basis for this new bill of information was the fact that the Defendant was now a convicted felon.
Counsel for the Defendant filed a second motion to quash one week later, on May 12, 1998. The Defendant’s trial began on May 14, 1998, and before trial began, |3the trial judge denied the second motion to quash. At the conclusion of the jury trial, the jury found the Defendant guilty of the lesser responsive crime of attempted possession of a firearm by a convicted felon. Thereafter, the trial court sentenced the Defendant to the maximum possible term of imprisonment of seven and one-half (7/t) years at hard labor without the possibility of parole, probation or suspension of sentence, and he ordered the Defendant to pay a fine of $2,500.00.
On appeal, the Defendant is represented by a different attorney than the one who represented him at trial. Appellate counsel for the Defendant attacks the validity of the trial judge’s declaring a mistrial at the beginning of the first trial and he claims that double jeopardy barred any further prosecution after the October 29, 1997 mistrial.
DOUBLE JEOPARDY
The Defendant argues that the trial judge’s improper declaration of a mistrial created a bar of double jeopardy against the second trial. At the first trial, the trial judge declared a mistrial during opening statements based upon La.Code Crim.P. art. 775(3). “There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law; ...” The Defendant argues that since no legal defect existed at the first trial and the mistrial was not legally ordered and he objected to the mistrial, double jeopardy barred the second trial.
An essential element of the crime of possession of a firearm by a convicted felon is that the accused must have a prior *700 felony “conviction.” The Defendant argued on October 27, 1997, that he had no prior felony conviction and thus, the State could not convict him of violating La.R.S. 14:95.1. The State alleged that the Defendant’s prior felony conviction arose from the October 15, 1995 “no contest” plea in Lafayette Parish.
|4The court minutes of the October 15, 1995 Lafayette Parish proceedings and the Plea of Guilty form signed by the Defendant clearly establish that the Defendant entered a plea of “no contest” in return for deferment of an adjudication of guilt and sentencing pursuant to La.R.S. 40:983 (Repealed). We note that at the time the Defendant entered into this plea agreement, La.R.S. 40:983 [1] was no longer in effect, and thus, he should not have been sentenced pursuant to the repealed statute. However, this court does not need to resolve the problem with the Lafayette Parish sentence in its review of the St. Landry Parish conviction.
La.R.S. 40:983 (Repealed) provided for the conditional dismissal and discharge of a first offense conviction for possession of certain controlled substances. It allowed the trial court, without entering a judgment of guilty, to defer the proceedings and place Defendant on probation, and if the probation was successfully completed, the prosecution would be dismissed and the Defendant discharged. No adjudication of guilt or “conviction” existed until, and unless, the court deemed that the probation had been violated, and the defendant had been, thereafter, adjudged a felon. State v. Scott, 95-880 (La.App. 1 Cir. 6/28/96); 677 So.2d 156, 158. As early as 1985, in State v. Randall, 464 So.2d 971, 973 (La.App. 4 Cir.1985), and more recently in State v. Scott, 677 So.2d 156, 158, the courts recognized that when a defendant’s plea to a charge was made pursuant to the provisions of La.R.S. 40:983, such a plea could not be considered an adjudication of guilt or a “conviction” and therefore could not serve as the basis for a charge of being a convicted felon in possession of a firearm.
On January 26, 1997, the day the Defendant used a handgun to pistol-whip three men, the Defendant was not a convicted felon. The Defendant was on probation for possession of cocaine, a felony, but he had not been adjudicated guilty of the crime and thus, he had not been convicted of this felony. On October 29, 1997, the day the first trial ended with a declaration of a mistrial, the Defendant was not a convicted felon. The Defendant became a convicted felon on January 12, 1998, when the court in Lafayette Parish revoked the Defendant’s probation and adjudicated the Defendant guilty of possession of cocaine and sentenced him. However, by this time, jeopardy had already attached to the charge of possession of a firearm by a convicted felon. La.Code Crim.P. art. 592 provides that jeopardy begins in a jury trial when the jury is sworn after the conclusion of jury selection. The jury in the present case was selected and sworn on October 7, and the mistrial was de- *701 dared during opening statements on October 29,1997.
La. Const, art. 1, § 15 states, “[n]o person shall be twice placed in jeopardy for the same offense, except on his application for a new trial, when a mistrial is declared, or when a motion in arrest of judgment is sustained.” La.Code Crim.P. art. 591 contains the statutory prohibition against double jeopardy which is nearly identical to the constitutional prohibition. Double jeopardy does not apply where a mistrial has been properly granted. State v. Riche, 94-533 (La.App. 3 Cir. 11/2/94); 649 So.2d 562, 565. Article 591 provides that there is no double jeopardy bar to a | ^second trial “where there has been a mistrial legally ordered under the provisions of Article 775, or ordered with the express consent of the defendant.”
La.Code Crim.P. art. 775(3), which permits a mistrial if “[tjhere is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law,” anticipates a defect in the charge or the proceedings that would make a judgment of guilty reversible as a matter of law. Whether the evidence to be presented at trial will be sufficient to support a finding of guilt is not considered a “legal defect” under this article. Cf. State v. Johnson, 522 So.2d 1359, 1361 (La.App. 2 Cir.), writ denied, 531 So.2d 471 (La.1988). In Johnson, the bill of information charged the defendant with two counts of burglary of two named businesses, but the evidence established that only one act of burglary was committed because the two separate businesses shared the same office and safe that was burglarized. The court found the bill of information against the defendant was not legally defective simply because the evidence supported only one of the counts rather than both of them. The remedy for the defendant in Johnson was either acquittal on one count of burglary, or as eventually happened, dismissal of one count of burglary.
An example of a legal defect leading to a proper mistrial arose in State v. Riche, 649 So.2d 562, where after the trial began, it was discovered that the bill of information did not name the correct juvenile victim; La.Code Crim.P. arts. 487 and 775(3) required the trial court to declare a mistrial in order for the State to correct the substantial defect in the bill of information. Riche, 649 So.2d at 565. Another example of a legal defect as contemplated by Article 775(3) is where a defendant is charged by bill of information rather than an indictment. State v. Ruple, 437 So.2d 873, 875-876 (La.App. 2 Cir.1983).
|7The alleged legal defect in this case is not governed by La.Code Crim.P. art. 775(3). Cf. State v. Johnson, 522 So.2d at 1362. Once jeopardy attached to the Defendant on October 29, 1997, the Defendant had the constitutional and statutory right to have his trial completed by the jury before which he had been placed in jeopardy. The prohibition against successive trials is critical to the Double Jeopardy Clause. Burks v. United States, 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978). The “legal defect” in this case was that it was impossible for the State to prove an essential element of the crime charged. The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding. Burks, Id.
In State v. Asprilla, 98-885 (La.App. 3 Cir. 2/3/99); 734 So.2d 685, this court dealt with a similar situation of a trial judge acting sua sponte and improperly declaring a mistrial after the jury trial began. The trial judge in Asprilla declared a mistrial on a ground not provided by La.Code Crim.P. art. 775, a material State’s witness had not been served with a subpoena; arguably, the State would not have been able to prove its case against the defendant and an acquittal may have resulted. The defendant in Asprilla objected to the mistrial. This court ruled that double jeopardy barred the second trial, and explained:
*702 Because the defendant did not consent to the mistrial and because the mistrial did not meet one of the requirements as set forth in La.Code Crim.P. art. 775, the “mistrial” was an illegal dismissal, and further prosecution was barred by-double jeopardy considerations.
This rule of law was explained in State v. Joseph, 434 So.2d 1057, 1060 (La. 1983):
The effect of the articles [La. Code Crim.P. arts. 775 and 591] taken together is as follows:
(1) Mistrials, without the consent of the defendant, are permitted under certain limited circumstances such as | smability of the jury to agree, physical impossibility to proceed, etc.
(2) All other dismissals of the jury prior to verdict without the defendant’s consent will not be mistrials at all, even though the court may so label them, but will be illegal dismissals, and in such cases the principles of double jeopardy will come into operation.
By ordering a mistrial that was not in compliance with Article 775 and was without the defendant’s consent, the trial judge impermissibly deprived the defendant of his right to have his trial completed by the jury before which he had been placed in jeopardy. Article 592 of the Louisiana Code of Criminal Procedure states in part that “[w]hen a defendant pleads not guilty and is tried by jury, jeopardy begins when the jury panel is sworn pursuant to Article 790.”
Asprilla, 98-885, pp. 3-5, 734 So.2d at 686-87.
We find that there was no legal defect in the proceedings at the first trial on October 29, 1997, and at that time, jeopardy attached to the charge of possession of a firearm by a convicted felon. Thus, the second trial in May of 1998 was barred by the statutory and constitutional provisions prohibiting double jeopardy.
CONCLUSION
The trial court erred when it illegally declared a mistrial during the first trial, and the prohibition against double jeopardy barred any subsequent trial. Accordingly, the Defendant’s conviction is reversed, and his sentence set aside.
CONVICTION REVERSED AND SENTENCE SET ASIDE.

. Effective August 15, 1995, 1995 La.Acts, No. 1251, § 2 expressly repealed La.R.S. 40:983 and other statutory provisions governing suspension of sentence, probation and dismissal of prosecution if the eligible offender successfully completed probation. Even though La. R.S. 40:983 was in effect at the time of the Defendant’s arrest in Lafayette Parish, the repeal of La.R.S. 40:983 became effective on August 15, 1995, before the Defendant entered his no contest plea in Lafayette Parish. In State v. Bodenheimer, 95-861 (La.App. 5 Cir. 11/28/95); 665 So.2d 608, 611, writ denied, 95-3011 (La.2/9/96); 667 So.2d 539, it was held that the application of 1995 La. Acts, No. 1251, to a crime committed before August 15, 1995, did not result in an at post facto violation. The repeal of a statutory provision that permitted the dismissal of charges after an eligible offender successfully completed serving the probated sentence, did not , change the punishment for the charged offense and inflict a greater penalty than that authorized for the crime at the time of its commission. Also, the repealed statutory provisions were not part of the penalty provision of any criminal statute, but formed part of the provisions governing suspension of sentences and probation in certain cases.