464 So.2d 971 (1985)
STATE of Louisiana
v.
Ricky RANDALL.
No. KA-2218.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
*972 Harry F. Connick, Dist. Atty. of Orleans Parish, Nancy Sharpe, Asst. Dist. Atty. of Orleans Parish, New Orleans, for plaintiff-appellant.
Before SCHOTT, BYRNES and ARMSTRONG, JJ.
ARMSTRONG, Judge.
The defendant was charged with a violation of LSA-R.S. 14:95.1, relative to the offense of convicted felon in possession of a firearm. The trial court maintained defense counsel's motion to quash, to which ruling the State has filed this appeal.
The record reflects that on August 5, 1982, the defendant was charged in case no. 290-911 with a violation of LSA-R.S. 40:966, relative to the offense of possession of heroin with intent to distribute. On January 4, 1983, he pled guilty to the reduced charge of simple possession of heroin. Following a presentence investigation, Judge Miriam Waltzer, judge for Section "A", sentenced the defendant as follows: 10 years in the custody of the Department of Corrections, suspended; 5 years active probation with the condition that defendant attend the Desire Mental Health Clinic.
On November 4, 1983, the defendant was charged with the instant offense of convicted felon in possession of a firearm, and on November 8, 1983, he entered a plea of not guilty to the charge. The predicate felony conviction for the instant charge was his plea of guilty to simple possession of heroin in case number 290-911. On December 9, 1983, defense counsel orally moved Judge Rudolph Becker, judge for Section "E", to quash the instant charge. On January 23, 1984, defense counsel supplemented his oral motion with a written motion to quash in which he asserted that the underlying felony conviction, the simple possession of heroin, could not serve as a basis for the instant charge as it had been Judge Waltzer's intention to accept the plea under the provisions of LSA-R.S. 40:983, relative to conditional discharge for possession as first offender.
Although the record is unclear as to the exact date of filing, it appears that some time between December 9, 1983 and January 20, 1984, defense counsel filed a motion to correct illegal sentence in case no. 290-911. In said motion counsel asserted that LSA-R.S. 40:966(C) does not allow for a suspension of sentence or probation and that from discussions between defendant, his attorney and Judge Waltzer, it was clear that it had been Judge Waltzer's intention to place the defendant on probation pursuant to LSA-R.S. 40:983. On January 20, 1983 Judge Waltzer granted the motion to correct for the reasons asserted in the motion.
In the predicate offense, the defendant pled guilty to possession of heroin, a violation of LSA-R.S. 40:966(C). The pertinent sentencing provision of that statute provides:
Any person who violates this subsection with respect to:
(1) A substance classified in Schedule I which is a narcotic drug (all substances in Schedule I preceded by an asterisk "*"), shall be imprisoned at hard labor for not less than four years nor more than ten years without benefit of probation or suspension of sentence and may, in addition, be required to pay a fine of not more than five thousand dollars.
Here, Judge Waltzer sentenced the defendant to ten years with the Department of Corrections' suspended, five years active probation, with the special condition that the defendant attend the Desire Mental Health Clinic. Thus, this sentence was clearly illegal since the statute provides that the sentence must be served "without benefit of probation or suspension of sentence".
LSA-C.Cr.P. Art. 882 provided at that time that "[A]n illegal sentence may be corrected at any time by the court that imposed the sentence." Judge Waltzer, on motion of the defendant, corrected the sentence so as to conform with LSA-R.S. 40:983. LSA-R.S. 40:983 provides:
Conditional discharge for possession as first offense.

*973 Whenever any person who has not previously been convicted of any offense under this part pleads guilty to or is convicted of having violated R.S. 40:966C, 40:967C, 40:968C, 40:969C, 40:970C of this part, and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required.
Upon the defendant's violation of any of the terms or conditions of his probation, the court may enter an adjudication of guilt and impose sentence upon such person.
Upon fulfillment of the terms and conditions of probation imposed in accordance with this section, the court shall discharge such person and dismiss the proceedings against him.
Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.
Discharge and dismissal under this section may occur only once with respect to any person. (emphasis added).
Judge Waltzer indicated that it was her intent to sentence the defendant in accordance with this statute, which is not an adjudication of guilt and is not deemed a conviction of a crime.
The State argues that Judge Waltzer never intended to defer the proceedings under R.S. 40:983 without an adjudication of guilt. There is some support in the record for this argument. During the January 4, 1983 hearing, Judge Waltzer conducted a detailed colloquy with Randall fully discussing the constitutional rights he was waiving by pleading guilty. There was no mention of deferring proceedings conditioned on fulfillment of the probation conditions. In fact, the trial court explicitly stated that the possible sentences range from four to ten years, the penalty under LSA-R.S. 40:966(C). The defendant admitted guilt and signed a plea of guilty form. The transcript fails to indicate that the trial court intended to conditionally discharge the defendant; rather, it appears that Randall pled guilty to possession of heroin and the trial court intended to sentence him in accordance with LSA-R.S. 40:966(C). However, Judge Waltzer, in correcting the sentence, explicitly stated that it was her intention to sentence Randall under LSA-R.S. 40:983. This Court must abide by the declared intentions of the trial judge as reflected by the trial court's correction of sentence.
Because the defendant's plea to the charge of simple possession of heroin was made pursuant to the provisions of LSA-R.S. 40:983, such plea cannot be considered an adjudication of guilt and cannot, therefore, serve as the basis for the convicted felon in possession of weapon charge.
AFFIRMED.