KLEES, Judge.
The defendant was charged by bill of information January 24, 1990, with possession of crack cocaine. On April 25, 1990, he withdrew his former plea of not guilty and pled guilty as charged. On November 13, 1990, he was sentenced to five years at hard labor, suspended, five years active probation with credit for time served. He was ordered to pay $20 per month for probation, and ordered to attend the Desire Rehabilitation Center for eighteen months. On March 28, 1991, the State filed a multiple bill. On April 1, 1991, the State filed a rule to revoke probation. On May 17,1991, defendant filed a motion to quash the multiple bill which was denied. He was found to be a second offender and sentenced as such to seven and one half years at hard *560 labor with credit for time served. This appeal follows.
ERRORS PATENT:
None.
ASSIGNMENTS OF ERROR:
The defendant argues: (1) the State violated a valid plea bargain by filing the multiple bill because the trial judge in the predicate offense sentenced him to probation; (2) his motion to quash the multiple bill should have been granted because the bill was filed untimely and was not filed as an enhancement for a sentence but in retaliation for a subsequent arrest for attempted murder; and (3) his due process rights were violated because the State filed the rule to revoke probation based on an arrest.
The State concedes the defendant should not have been found a multiple offender. The underlying offense was a guilty plea entered pursuant to R.S. 40:983. (R.p. 42, 46, 54-56.) R.S. 40:983 provides:
A. Whenever any person who has not previously been convicted of any offense under this Part pleads guilty to or is convicted of having violated R.S. 40:966(C), R.S. 40:967(D), R.S. 40:968(0 of this Part, and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required. Among such conditions the court shall order that the defendant perform not less than one hundred hours of court-approved community service that may include manual labor.
B. Upon the defendant’s violation of any of the terms or conditions of his probation, the court may enter an adjudication of guilt and impose sentence upon such person.
C. Upon fulfillment of the terms and conditions of probation imposed in accordance with this Section, the court shall discharge such person and dismiss the proceedings against him.
D. Discharge and dismissal under this Section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.
E.Discharge and dismissal under this Section may occur only once with respect to any person.
(Emphasis added)
The State agrees a pleá of guilty pursuant to R.S. 40:983 cannot be considered an adjudication of guilty and thus cannot be used as an underlying offense in an enhancement proceeding. State v. Randall, 464 So.2d 971 (La.App. 4th Cir.1985). The multiple bill adjudication should be vacated.
We find no merit to defendants third assignment of error claiming a due process violation because the State filed a rule to revoke his probation based upon an arrest. The State filed a rule to revoke on April 1, 1991. No hearing has been held to revoke defendant’s probation nor has his probation been revoked. Until the State proceeds with a revocation, there is no issue before us. This assignment is without merit.
Accordingly, the defendants conviction is affirmed. The multiple bill adjudication is vacated and the original sentence is reinstated.
CONVICTION AFFIRMED; MULTIPLE BILL ADJUDICATION VACATED; THE ORIGINAL SENTENCE REINSTATED.