721 So.2d 974 (1998)
STATE of Louisiana, Plaintiff-Appellant,
v.
Michael Scott RAY, Defendant-Appellee.
No. 98-664.
Court of Appeal of Louisiana, Third Circuit.
October 28, 1998.
*975 Richard Phillip Ieyoub, Julie E. Cullen, Baton Rouge, for State.
Thomas L. Lorenzi, Lake Charles, for Michael Scott Ray.
Before DECUIR, AMY and PICKETT, JJ.
PICKETT, Judge.
The State of Louisiana appeals a judgment of the trial court granting Defendant's, Michael Scott Ray, motion to quash. For the reasons set out below, we reverse and remand.

FACTS
During the early part of 1992, the Calcasieu Parish Sheriff's Office conducted an undercover narcotic's investigation. An informant, Agent Chico (David Daigle), acted as a buyer from the Defendant, Michael Scott Ray, who was involved in narcotics distribution. On or about March 5, 1992, the Defendant went to the home of Terry Newman to inquire about the sale of some marijuana. Newman told Defendant he did not have any to sell, but offered him a joint to smoke. The Defendant then told Newman and Agent Chico that if they wanted some "weed," that he could get it for them. There was no sale of marijuana on that date. On March 7, 1992, Agent Chico spoke with the Defendant about buying marijuana that evening. At approximately 8:30 p.m., the Defendant met with Agent Chico and the two men went into Newman's residence, at which time the Defendant weighed out one ounce of marijuana and gave it to Agent Chico. Chico then gave the Defendant $100.00 in return.
The Defendant was indicted by grand jury for distribution of marijuana, a violation of La.R.S. 40:966(A), along with several co-defendants. At his arraignment on May 3, 1993, the Defendant entered a plea of not guilty. On November 13, 1993, a motion to sever was filed by the defense and granted by the trial court. During the judicial proceedings in this case, several motions to continue this trial were filed by both the Defendant and the State, resulting in a delay of about five years. On April 15, 1998, the State sent the Defendant a letter saying that the marijuana which the Defendant was arrested for selling, had been destroyed accidentally, on December 16, 1997. On April 27, 1998, the Defendant filed a motion to quash the indictment, which was granted by the trial court, based on the fact that the Defendant would be prejudiced by the loss of the evidence. On May 9, 1998, the State filed a motion for appeal, which was granted by the trial court. In this appeal, the State seeks review of the motion to quash granted by the trial court.

OPINION
In the State's assignment of error, it asserts that the granting of the motion to quash the indictment was in error. Specifically, it asserts that since the Defendant had the opportunity to test the substance at any time in the five years this case was continued, the Defendant should not now be allowed to quash the missing marijuana. It should be noted that the substance was tested by the State, but not by the defense.
The Defendant was charged with a violation of La.R.S. 40:966(A), which reads, in pertinent part:
A. Manufacture; Distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule I;
In his motion for discovery and inspection filed June 2, 1993, the Defendant requested the opportunity to "inspect ... and test ... *976 any and all ... tangible objects ... which are intended for use by the state as evidence at trial." The State did not object to this motion for discovery. During the pre-trial proceedings, the Defendant received a letter from the State saying that the substance found on the Defendant, which had been identified as marijuana, had been destroyed accidentally by the Sheriff's Office. In response, the Defendant filed a motion to quash the indictment, based on loss of the evidence.
A motion to quash is a mechanism by which a defendant raises pretrial pleas or defenses which do not go to the merits of the criminal charge. State v. Rembert, 312 So.2d 282 (La.1975). The motion to quash concerns a defense which, if successful, requires dismissal of the indictment or information regardless of the issue of the defendant's guilt or innocence. State v. Reaves, 376 So.2d 136 (La.1979). Questions of law such as the sufficiency of the indictment, constitutionality of a statute or governmental misconduct are issues to be decided by a judge pursuant to a motion to quash. On the other hand, questions of fact are issues decided by the jury; for example, guilt or innocence, sanity at the time of the offense, self-defense, entrapment or intoxication. State v. Caldwell, 616 So.2d 713, 721 (La.App. 3 Cir.1993).
The issue raised in the review of this motion to quash was whether the Defendant was denied due process since he could not independently test the suspected narcotics. In particular, defense counsel argues because the marijuana was the "essence" of the crime, that prosecuting the Defendant based on the destroyed substance would prejudice the Defendant's right to confront the State's witness concerning the packaging and testing of the evidence. The trial judge, in granting the motion said "I think that the defendant is extremely prejudiced by the loss of this evidence." Thus, the trial judge relied on the potential prejudice that the Defendant may suffer if he did not grant the motion. La. Code Crim.P. arts. 532[1] and 533[2] set forth the grounds upon which a motion to quash an indictment may be based. Sufficiency of the State's evidence is not a ground listed in these articles.
By granting a motion to quash the indictment based upon the destruction of certain physical evidence, the trial court, in essence, made a determination that the State, without that physical evidence, had insufficient evidence upon which to base the charge. This is not a proper ground upon which a motion to quash may be granted.
*977 The real issue is the admissibility of the crime lab reports and tests conducted upon the marijuana prior to its being destroyed. That issue is not before the court.

DISPOSITION
For the foregoing reasons, the judgment of the trial court granting the Defendant's motion to quash is hereby quashed. The matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] La.Code Crim.P. art. 532 (footnote omitted) provides:

A motion to quash may be based on one or more of the following grounds:
(1) The indictment fails to charge an offense which is punishable under a valid statute.
(2) The indictment fails to conform to the requirements of Chapters 1 and 2 of Title XIII. In such case the court may permit the district attorney to amend the indictment to correct the defect.
(3) The indictment is duplicitous or contains a misjoinder of defendants or offenses. In such case the court may permit the district attorney to sever the indictment into separate counts or separate indictments.
(4) The district attorney failed to furnish a sufficient bill of particulars when ordered to do so by the court. In such case the court may overrule the motion if a sufficient bill of particulars is furnished within the delay fixed by the court.
(5) A bill of particulars has shown a ground for quashing the indictment under Article 485.
(6) Trial for the offense charged would constitute double jeopardy.
(7) The time limitation for the institution of prosecution or for the commencement of trial has expired.
(8) The court has no jurisdiction of the offense charged.
(9) The general venire or the petit jury venire was improperly drawn, selected, or constituted.
[2] La.Code Crim.P. art. 533 provides:

A motion to quash an indictment by a grand jury may also be based on one or more of the following grounds:
(1) The manner of selection of the general venire, the grand jury venire, or the grand jury was illegal.
(2) An individual grand juror was not qualified under Article 401.
(3) A person, other than a grand juror, was present while the grand jurors were deliberating or voting, or an unauthorized person was present when the grand jury was examining a witness.
(4) Less than nine grand jurors were present when the indictment was found.
(5) The indictment was not indorsed "a true bill," or the endorsement was not signed by the foreman of the grand jury.