732 So.2d 123 (1999)
STATE of Louisiana
v.
Walter ROWEL.
No. 97-KA-1550.
Court of Appeal of Louisiana, Fourth Circuit.
March 31, 1999.
Harry Connick, District Attorney, Orleans Parish, Richard R. Pickens, II, Assistant District Attorney, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, Louisiana, Counsel for Defendant/Appellant.
Court composed of Chief Judge ROBERT J. KLEES, Judge MOON LANDRIEU, and Judge PATRICIA RIVET MURRAY.
LANDRIEU, Judge.
The defendant was charged with being a convicted felon in possession of a firearm based on two prior convictions: unauthorized entry of an inhabited dwelling in Case No. 375-172, and possession of cocaine in Case No. 343-734. Following trial on December 16, 1996, a jury found the defendant guilty as charged. The district court on December 23, 1996, sentenced him to serve ten years at hard labor without benefit of parole. The defendant now appeals.
When the defendant was first observed by police officers at 11:00 p.m. on August 17, 1996, he was speeding towards the West Bank at seventy miles per hour on the Crescent City Connection while weaving in and out of traffic. When Officers Van Winkle and Adams caught up with the speeding vehicle and activated their lights and siren, the defendant pulled over. He immediately exited his vehicle and walked toward the officers. Described by the officers as very nervous, the defendant told them that he had just been robbed and that he was going home. The officers conducted a pat-down search without finding anything on the defendant's person. A consensual search of the vehicle also revealed no weapons. Though he was not issued a citation, the defendant was verbally warned about his driving.
*124 Approximately fifteen minutes later, the officers again saw the defendant speeding. He was traveling to the east bank of the Mississippi River on the bridge. About midway, the officers activated their lights and siren, but this time the defendant did not stop. Instead, the defendant exited on to Tchoupitoulas Street traveling at a speed of ten to fifteen miles per hour. After turning off of Tchoupitoulas Street, the defendant stopped the car and jumped out, leaving the car door open. He came towards the officers despite repeated orders to stop; consequently, the officers drew their weapons. The defendant told the officers, "You're going to have to kill me or you're going to have to shoot me." The officers put their weapons away and proceeded to subdue the defendant.
After a short struggle, and with the help of back-up officers, the officers were able to handcuff the defendant. The officers observed two sawed-off shotguns on the rear floorboard of the defendant's car. The guns were loaded. The officers arrested the defendant for resisting arrest and speeding. The next day, when the officers learned the defendant had prior felony convictions, the defendant was arrested and booked with the instant weapons violation.
Approximately twenty to forty people observed the defendant's arrest; some of the spectators were related to him. The police officers described the crowd as hostile. Because of the large crowd, the officers believed it would be safer for them to leave the area with the defendant's vehicle.
A videotape of the events was shown to the jury. Officer Adams explained that the video camera automatically turns on inside the police unit when the emergency lights are activated. The video was not turned off until the defendant was taken to Central Lock-up.
The parties stipulated that the defendant was the same person who entered a guilty plea to possession of cocaine in Case No. 343-734, received a suspended sentence, and was placed on probation.
A review of the record reveals two errors patent. First, the district court failed to impose a mandatory fine. See La.Rev. Stat. 14:95.1. Second, the record indicates the district court failed to rule on the defendant's oral motions for new trial and post-verdict judgment of acquittal before granting the motion for appeal. However, because we reverse the conviction on other grounds, discussion of these errors is pretermited.
In his sole assignment of error, the defendant asserts the only evidence presented of a prior felony conviction was for a plea tendered under former La.Rev.Stat. 40:983.[1] He therefore argues the plea may *125 not be used as a prior conviction for purposes of La.Rev.Stat. 14:95.1.
The defendant's contention has merit. In State v. Randall, 464 So.2d 971 (La. App. 4th Cir.1985), this court affirmed the district court's grant of a defense motion to quash. There, the defendant had effectively entered his prior plea under the provisions of La.Rev.Stat. 40:983, even though the district court had improperly imposed a suspended sentence for possession of heroin, a sentence which it later corrected to conform to the provisions of the conditional discharge statute. This court reasoned that the district court had intended to sentence Randall in accordance with the conditional discharge statute, rather than find him guilty of the offense. The court concluded that a plea made under the provisions of La.Rev.Stat. 40:983 cannot be considered an adjudication of guilt and cannot, therefore, serve as the basis for a charge of being a convicted felon in possession of a firearm. 464 So.2d at 973.
Here, according to the documents submitted by the state, the defendant was never adjudicated guilty as to the prior offense for possession of cocaine. The minute entry of September 13, 1990, indicates the defendant entered a plea under La.Rev.Stat. 40:983 and received a sentence of five years at hard labor. The district court then suspended the sentence and placed the defendant on active probation for five years. The docket master entry for November 2, 1995, does not show that the defendant's probation was revoked or that the sentence was made executory. Instead, it notes that the defendant's probation was terminated unsatisfactorily and a release was issued. No judgment of guilt was entered. Consequently, as in Randall, the prior plea cannot be used to charge the defendant as a convicted felon in possession of a firearm.[2]
Accordingly, the conviction and sentence are reversed.
REVERSED.
NOTES
[1] Former La.Rev.Stat. 40:983, repealed by Acts 1995, No 1251, § 2, provided as follows: Conditional Discharge for Possession as First Offense

A. Whenever any person who has not previously been convicted of any offense under this Part pleads guilty to or is convicted of having violated R.S. 40:966C, 40:967C, 40:968C, 40:969C, 40:970C of this Part, and when it appears that the best interests of the public and of the defendant will be served, the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required.
B. Upon the defendant's violation of any of the terms or conditions of his probation, the court may enter an adjudication of guilt and impose sentence upon such person.
C. Upon fulfillment of the terms and conditions or probation imposed in accordance with this Section, the court shall discharge such person and dismiss the proceedings against him.
D. Discharge and dismissal under this Section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.
E. Discharge and dismissal under this Section may occur only once with respect to any person.
[2] Even though two prior convictions were listed on the bill of information, the state did not seek a stipulation with regard to the conviction for unauthorized entry of an inhabited dwelling. Furthermore, the state offered proof only as to the plea to the possession of cocaine charge.