11 SULLIVAN, Judge.
Defendant, Jason Shane Barker, was charged with operating a motor vehicle while intoxicated (OWI) and careless operation of a vehicle, violations of La.R.S. 14:98 and 32:58, respectively. After a hearing, the trial court granted Defendant’s motion to quash both charges, finding that Defendant was denied the option of a timely blood test as provided in La.R.S. 32:662(A)(2). The State filed a motion to reconsider this ruling, which the trial court denied after a second hearing. The State now appeals. For the following reasons, we reverse and remand.
Facts
On April 7, 1998, Louisiana State Trooper John Parker investigated a single-car accident in Beauregard Parish in which Defendant was the driver and sole occupant of the vehicle. Defendant, an Arkansas resident, was en route to his job in Cameron Parish. After conducting a field sobriety test, Trooper Parker arrested | ¡^Defendant for OWI and transported him to the Beauregard Parish Sheriffs Office in Deridder, Louisiana.
At the sheriffs office, Defendant submitted to a breath test for intoxication. Upon being informed that the tests results were positive, Defendant requested a blood test. According to Trooper Parker, Defendant was allowed to place a telephone call to Byrd Memorial Hospital in Leesville, Louisiana, in an attempt to schedule such a test. Defendant, however, testified that he was denied access to a telephone for several hours, at which time he called a bondsman. The bondsman later drove Defendant to a nearby hospital, but the staff refused to perform the test without a physician’s order or a law enforcement request.
Defendant had also made his request for a blood test known to Deputy Sandra Branham, the supervising deputy at the sheriffs office. Unsure of the procedure in such a situation, Deputy Branham contacted her supervisor, Chief Deputy Robert McCullough. Chief Deputy McCullough instructed Deputy Branham to contact Trooper Parker because he believed that the arresting law enforcement agency was responsible for arranging transportation. Trooper Parker, in turn, consulted his supervising sergeant, who advised him to book Defendant into the jail. Trooper Parker declined to transport Defendant to a hospital for the blood test.
At the first hearing, the trial court found that Defendant was not afforded the op *739 portunity to have timely blood test administered. On the motion to reconsider, the trial court stated that Defendant had no remedy other than quashing the charges, even if the State could present other evidence of intoxication.
| ^Assignment of Error
In its sole assignment of error, the State argues that the trial court erred in quashing the charges against Defendant. In making this argument, the State asks us to consider (1) the obligations of the police under La.R.S. 32:662(A)(2) when a suspect requests a blood test in addition to the State’s breath test and (2) the legal consequences if the statute is not followed. We find that we need not reach the first question because, under La.R.S. 32:662(B), the trial court clearly erred in granting Defendant’s motion to quash.
La.R.S. 32:662 (emphasis added) provides:
A.The chemical test or tests as provided for by this Part shall be subject to the following rules and shall be administered as provided for hereafter:
(1) Upon the trial of any criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of alcoholic beverages the amount of alcohol in the person’s blood at the time alleged as shown by chemical analysis of the person’s blood, urine, breath, or other bodily substance shall give rise to the following presumptions:
(a) Except as provided in Subpara-graph (d), if the person had a blood alcohol concentration at that time 0.05 percent or less by weight, it shall be presumed that the person was not under the influence of alcoholic beverages.
(b) Except as provided in Subpara-graph (d), if the person had a blood alcohol concentration at that time in excess of 0.05 percent but less than 0.10 percent by weight, such fact shall not give rise to any presumption that the person was or was not under the influence of alcoholic beverages, but such fact may be considered with other competent evidence in determining whether the person was under the influence of alcoholic beverages.
(c)If the person had a blood alcohol concentration at that time of 0.10 percent or more by weight, it shall be presumed that the person was under the influence of alcoholic beverages.
14(d) If the person was under the age of twenty-one years at the time of the test and had a blood alcohol concentration at that time of 0.02 percent or more by weight, it shall be presumed that the person was under the influence of alcoholic beverages.
(2) The blood alcohol concentration or level shall be based upon grams of alcohol per one hundred cubic centimeters of blood. Individuals measured through breath shall be afforded the timely option of the administration of a blood test for alcohol content.
B. The provisions of Subsection A of this Section shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of alcoholic beverages or any abused substance or controlled dangerous substance as set forth in R.S. 40:964.
C. Except as provided in Paragraph A(2) of this Section, this Section has no application to a civil action or proceeding.
The legislature added the italicized sentence of Paragraph A(2) in 1997. At the time of this amendment, La.R.S. 32:664(B) had already permitted a person submitting to a blood test at the request of a law enforcement officer to have an independent chemical analysis, but that statute mandates only that the person “be given the opportunity to telephone and request the qualified person to administer such test.” La.R.S. 32:664(B) further provides: “The failure or inability to obtain an addi *740 tional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.” Additionally, the attorney general’s office has issued an opinion stating that La.R.S. 32:664(B) does not require the law enforcement officer to provide transportation for an additional test; it only requires that the person be made available so that his own test may be administered. See La.Att’y Gen.Op.No. 88-142 (7/6/88).
In the present case, we find we need not address the obligations that La.R.S. 32:662(A)(2), as amended in 1997, imposes upon law enforcement personnel and, | Rmore specifically, whether the police complied with that paragraph here. Paragraph (B) of that statute permits the introduction of “any other competent evidence” bearing on the question of intoxication. (Emphasis added.) Thus, even if the police did not comply with Paragraph (A), the State was still entitled to proceed with its case, albeit without reference to the breath test or its results. In State v. Ray, 98-664, p. 3 (La.App. 3 Cir. 10/28/98); 721 So.2d 974, 976 (citation omitted) (emphasis added), this court said of a motion to quash:
A motion to quash is a mechanism by which a defendant raises pretrial pleas or defenses which do not go to the merits of the criminal charge. The motion to quash concerns a defense which, if successful, requires dismissal of the indictment or information regardless of the issue of the defendant’s guilt or innocence.
The trial court should not have granted Defendant’s motion to quash because under Paragraph (B), Defendant was not entitled to dismissal of the charges. Quashing of the charges is not an available remedy for a violation of La.R.S. 32:662(A)(2).
Decree
For the above reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.