*1098
 
 GASKINS, J.
 

 _JjThe defendant, Dedrick Jermaine Jones, appeals his conviction for possession of a firearm by a convicted felon. For the following reasons, we reverse the defendant’s conviction and sentence and render a verdict of not guilty.
 

 FACTS
 

 On the afternoon of March 25, 2006, members of the street-level interdiction unit of the Shreveport Police Department were patrolling trouble spots known for illegal activity. They entered the area of the Peach Street Apartments in the Martin Luther King area of Shreveport, a location known for narcotics, weapons violations, and shootings. Upon entering the apartment complex, officers observed a vehicle parked with a large number of people gathered around it. When the people saw the officers, they scattered. Officers approached the vehicle. Officer Shawn Parker found the defendant seated in the right front passenger seat. The defendant was fidgeting and appeared to be nervous. Officer Parker asked the defendant for his identification. The officer then noticed a .44 Magnum Desert Eagle handgun on the floorboard of the vehicle, at the defendant’s feet. The officer recovered and secured the weapon. The gun contained a magazine of ammunition.
 

 The defendant was removed from the vehicle and a pat-down search was conducted. Another magazine of ammunition was found in the defendant’s pocket. The defendant was advised of his
 
 Miranda
 
 rights and was asked if he had ever been arrested before. The defendant stated that he had. He said that he did not know anything about the gun and denied knowledge of the ammunition found in his pocket. He later stated that the |2gun belonged to his girlfriend. Officer Parker checked the defendant’s criminal history and found that he had a prior felony drug charge in Florida. The defendant had been charged with possession of cocaine and possession of drug paraphernalia. Certified copies of court documents from Collier County, Florida, revealed that the defendant entered a plea of
 
 nolo contende-re
 
 to the charges and adjudication was withheld. The defendant was placed on probation for 12 months.
 

 The defendant was arrested on the present offense and a bill of information was filed charging him with “Possession of a Firearm by a Convicted Felon,” a violation of La. R.S. 14:95.1. The defendant filed a motion to quash the charge against him, arguing that the October 25, 2004, plea in Florida could not be used as a predicate for the present charge of possession of a firearm by a convicted felon because of
 
 Boykin
 
 violations in the Florida proceedings.
 

 On July 15, 2009, the trial court held a hearing on the motion to quash. The court noted that the defendant was represented by counsel at the time the plea was entered and no
 
 Boykin
 
 violation was proven. The trial court denied the motion to quash.
 

 A bench trial was held on September 10, 2009. Officer Parker testified, outlining the facts set forth above which led to the defendant’s arrest and charge on the present offense. At trial, the defendant objected to the introduction of the certified copies of the Florida court records, arguing again that the state had not shown that the Florida plea was freely and |svoluntarily given. The trial court overruled the objection, noting that those issues were disposed of on the motion to quash.
 

 Lieutenant Owen McDonnell with the Caddo Parish Sheriffs Office crime scene investigation unit testified at the trial as a fingerprint expert. He fingerprinted the
 
 *1099
 
 defendant and determined that the defendant was the same person who entered the plea in the Florida proceedings.
 

 After the state rested its case, the defendant again argued that there was no showing that the defendant was properly Boykinized before entering the plea of
 
 nolo contendere
 
 in Florida. The trial court took the matter under advisement. On October 14, 2009, the trial court held a hearing on the issue originally raised in the defendant’s motion to quash, whether the Florida plea was freely and voluntarily entered. The trial court ruled that the defendant did not provide any affirmative evidence to show that he was not properly Boykinized when the Florida plea was entered.
 

 On October 20, 2009, the defendant appeared before the trial court and was found guilty as charged of possession of a firearm by a convicted felon. He waived sentencing delays and was sentenced to serve 10 years at hard labor without benefit of probation, parole, or suspension of sentence. The defendant was ordered to pay a fine of $1,000. Costs were ordered to be paid through the inmate banking system. The defendant was ordered to serve 60 days in lieu of payment of costs.
 

 The defendant obtained new counsel and appealed, arguing that the evidence was insufficient to support his conviction, and that the trial court |4erred in denying his motions to quash and to suppress the evidence against him.
 

 SUFFICIENCY OF THE EVIDENCE
 

 The defendant argues that the trial court erred in finding that the state proved beyond a reasonable doubt that he was a convicted felon at the time of his arrest in the present case for possession of a firearm by a convicted felon. The defendant stated that in the Florida proceedings, in which he was charged with possession of cocaine, he entered a plea of
 
 nolo conten-dere
 
 and adjudication was withheld. He was placed on 12 months’ probation. According to the defendant, a plea of
 
 nolo contendere
 
 accompanied by a withholding of adjudication does not constitute a conviction for the charged offense under Florida law. For the following reasons, we find that this argument has merit.
 

 Legal Principles
 

 The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);
 
 State v. Tate,
 
 2001-1658 (La.5/20/03), 851 So.2d 921,
 
 cert. denied,
 
 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004);
 
 State v. Carter,
 
 42,894 (La.App.2d Cir.1/9/08), 974 So.2d 181,
 
 writ denied,
 
 2008-0499 (La.11/14/08), 996 So.2d 1086;
 
 State v. Law,
 
 45,435 (La.App.2d Cir.8/11/10), 46 So.3d 764.
 

 |Jn Louisiana, the offense of possession of a firearm by a convicted felon is governed by La. R.S. 14:95.1, which provides in pertinent part:
 

 A.
 
 It is unlawful for any person who has been convicted of
 
 a crime of violence as defined in R.S. 14:2(B) which is a felony or simple burglary, burglary of a pharmacy, burglary of an inhabited dwelling, unauthorized entry of an inhabited dwelling, felony illegal use of weapons or dangerous instrumentalities, manufacture or possession of a delayed action incendiary device, manufacture or possession of a bomb, or possession of a firearm while in the possession of or during the sale or distribution of a controlled dangerous substance, or
 
 any violation of the Uniform Controlled
 
 
 *1100
 

 Dangerous Substances Law which is a felony,
 
 or any crime which is defined as a sex offense in R.S. 15:541, or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state,
 
 or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above-enumerated crimes, to possess a firearm or carry a concealed weapon.
 
 [Emphasis supplied.]
 

 To support a conviction for possession of a firearm by a convicted felon, the state must prove: (1) the possession of a firearm; (2) a previous conviction of an enumerated felony; (3) absence of the 10-year statutory period of limitation; and (4) general intent to commit the offense. La. R.S. 14:95.1;
 
 State v. Husband,
 
 437 So.2d 269 (La.1983);
 
 State v. Ray,
 
 42,096 (La.App.2d Cir.6/27/07), 961 So.2d 607;
 
 State v. Law, supra.
 

 Discussion
 

 In
 
 the present case, the defendant has raised the issue of whether he was actually convicted of a drug offense in Florida which could serve as a predicate for the offense charged here. The state argues that the defendant’s complaint that he was not convicted of the possession of cocaine charge in Florida should have been raised before the trial court in a motion to quash under La.C.Cr.P. art. 485. The state urges that all grounds for a motion to | r,quash not properly raised in the trial court are waived and that this issue is not properly before this court on appeal. As set forth above, the proof of a prior enumerated felony is an element necessary to support a conviction of possession of a firearm by a convicted felon under Louisiana law. Without proof of this element of the offense, the evidence against the defendant is not sufficient to sustain a conviction. The motion to quash is essentially a mechanism by which to raise pretrial pleas of defense, i.e., those matters which do not go to the merits of the charge. La. C. Cr. P. arts. 531-534;
 
 State v. Perez,
 
 464 So.2d 737 (La.1985). It is treated much like an exception of no cause of action in a civil suit.
 
 State v. Perez, supra.
 

 In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bills of particulars, and determine as a matter of law and from the face of the pleadings whether a crime has been charged. While evidence may be adduced, such may not include a defense on the merits. The question of factual guilt or innocence of the offense charged is not raised by the motion to quash.
 
 State v. Perez, supra; State v. Thomas,
 
 28,790 (La.App.2d Cir.10/30/96), 683 So.2d 1272,
 
 writ denied,
 
 96-2844 (La.4/25/97), 692 So.2d 1081. See also
 
 State v. M.J.S.,
 
 2005-380 (La.App. 3d Cir.11/2/05), 916 So.2d 1215;
 
 State v. Mulvihill,
 
 03-691 (La.App. 5th Cir.10/28/03), 860 So.2d 266;
 
 State v. Ray,
 
 1998-664 (La.App. 3d Cir.10/28/98), 721 So.2d 974.
 

 The defendant’s challenge to the sufficiency of the evidence to support his conviction is an issue properly raised in the trial court by a post verdict judgment of acquittal under La. C. Cr. P. art. 821. Although no such 17motion was filed here, this court will consider sufficiency arguments in the absence of such a motion.
 
 State v. Bowers,
 
 39,970 (La.App.2d Cir.8/19/05), 909 So.2d 1038;
 
 State v. Collier,
 
 39,650 (La.App.2d Cir.7/27/05), 909 So.2d 23,
 
 writ denied,
 
 2006-0308 (La.9/1/06), 936 So.2d 196. We conclude that the issue of the sufficiency of the evidence is properly before us for review.
 

 
 *1101
 
 In October 2004, in Florida, the defendant entered a plea of
 
 nolo contende-re
 
 to a charge of possession of cocaine, which is a felony in that state. Possession of cocaine is also a felony in Louisiana and is one of the offenses that may serve as a predicate for our statute prohibiting the possession of a firearm by those convicted of certain enumerated felonies. La. R.S. 40:967; La. R.S. 14:95.1. However, the documents received from Florida reflect that the trial court specifically chose to withhold adjudication rather than adjudicating the defendant guilty; the defendant was placed on probation for 12 months.
 

 At the time the defendant entered his
 
 nolo contendere
 
 plea in Florida, Fla. Stat. § 948.01 provided, in pertinent part:
 

 (2) If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law,
 
 the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt;
 
 and, in either case,
 
 it shall stay and withhold the imposition of sentence upon such defendant and shall place the defendant upon probation. ...
 
 [Emphasis supplied.]
 

 As observed by the Florida Supreme Court, the definition of the term “conviction” as used in Florida law is a “chameleon-like” term that has |sdrawn its meaning from the particular statutory context in which the term is used.
 
 Raulerson v. State,
 
 763 So.2d 285 (Fla.2000);
 
 State v. McFadden,
 
 772 So.2d 1209 (Fla.2000);
 
 State v. Finelli,
 
 780 So.2d 31 (Fla.2001).
 

 The court in
 
 State v. Keirn,
 
 720 So.2d 1085 (Fla. 4th DCA 1998),
 
 review granted,
 
 718 So.2d 168 (Fla.1998),
 
 decision approved,
 
 763 So.2d 285 (Fla.2000), stated:
 

 The judicial search for the meaning of the term is not confined to modern times. Over 100 years ago, the Florida Supreme Court observed that in its “ordinary sense,” the term “conviction” “means the ascertainment of the guilt of a party, either by a plea of guilty, or by the verdict of a jury.”
 
 State ex rel. Owens v. Barnes,
 
 24 Fla. 153, 4 So. 560, 561 (1888). The supreme court also recognized that “numerous authorities” held that a “judgment or sentence [was] a necessary component part of ‘conviction.’ ”
 
 Id.
 

 Over time, the most frequent construction of a statute’s use of the term “conviction” has required a trial court’s adjudication of the defendant’s guilt after a plea or verdict. See
 
 State v. Snyder,
 
 673 So.2d 9 (Fla.1996) (construing § 790.23, Fla. Stat. (1991));
 
 Delta Truck Brokers, Inc. v. King,
 
 142 So.2d 273 (Fla.1962) (construing § 323.31(3)(a) 2, Fla. Stat. (Supp. 1960));
 
 Weathers v. State,
 
 56 So.2d 536 (Fla.1952) (construing § 776.02, Fla. Stat. (1949));
 
 State v. Smith,
 
 160 Fla. 288, 34 So.2d 533 (1948) (construing § 775.09, Fla. Stat. (1941));
 
 Timmons v. State,
 
 97 Fla. 23, 119 So. 393 (1929) (construing section 5486, Rev. Gen. Stats., 7630 of Comp. Gen. Laws of 1927);
 
 Smith v. State,
 
 75 Fla. 468, 78 So. 530 (1918) (construing §§ 3556, 3556a, General Statutes 1906, Florida Compiled Laws 1914);
 
 Childers v. Dep’t of Envtl. Protection,
 
 696 So.2d 962 (Fla. 1st DCA 1997) (construing § 370.092(8)(b), Fla. Stat. (1995));
 
 Castillo v. State,
 
 590 So.2d 458 (Fla. 3d DCA 1991) (construing § 790.23, Fla. Stat. (1989));
 
 Clinger v. State,
 
 533 So.2d 315 (Fla. 5th DCA 1988) (construing § 939.01(1), Fla. Stat. (1987)); Fla.R.Crim.P. 3.670.
 

 Where the statutory context requires it, the term “conviction” has been construed broadly to include dispositions
 
 *1102
 
 where there has been no adjudication of guilt. Certain rules and statutes specifically include a withhold of adjudication within the statutory definition of a “conviction.” See
 
 Jones v. State,
 
 502 So.2d 1375, 1377 (Fla. 4th DCA 1987); § 921.0011(2), Fla. Stat. (1995); Fla.R.Crim.P. 3.703(d)(6).
 

 [[Image here]]
 

 In sum, proper construction of the term “conviction” requires a close examination of its statutory context and legislative history and development.
 

 Under Florida law, Fla. Stat. § 790.23, which makes it illegal for convicted felons to possess firearms in Florida, an adjudication of guilt is required to qualify as a “conviction.” At the time the defendant entered his
 
 nob contendere
 
 plea to possession of cocaine in Florida, Fla. Stat. § 790.23 provided:
 

 (1) It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm, ammunition, or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device, if that person has been:
 

 (a) Convicted of a felony in the courts of this state;
 

 (b) Found, in the courts of this state, to have committed a delinquent act that would be a felony if committed by an adult and such person is under 24 years of age;
 

 (c) Convicted of or found to have committed a crime against the United States which is designated as a felony;
 

 (d) Found to have committed a delinquent act in another state, territory, or country that would be a felony if committed by an adult and which was punishable by imprisonment for a term exceeding 1 year and such person is under 24 years of age; or
 

 (e)Found guilty of an offense that is a felony in another state, territory, or country and which was punishable by imprisonment for a term exceeding 1 year.
 

 (2) This section shall not apply to a person convicted of a felony whose civil rights and firearm authority have been restored.
 

 [
 
 m(S) Any
 
 person who violates this section commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
 

 In
 
 State v. Menuto,
 
 912 So.2d 603 (Fla. 2d DCA 2005),
 
 review denied,
 
 935 So.2d 1220 (Fla.2006), the court considered the difference in Fla. Stat. § 790.23(l)(a), dealing with adult offenders, and Fla. Stat. § 790.23(l)(b), dealing with juvenile offenders. For an adult offender, the statute requires a
 
 conviction
 
 of a felony, whereas for a juvenile offender,
 
 commission
 
 of a delinquent act which would be a felony is sufficient. For an adult offender, an adjudication of guilt is necessary before a prior felony can be considered a “conviction” and can be used as a predicate offense for possession of a firearm by a convicted felon. The court stated that, for purposes of Fla. Stat. § 790.23(l)(a), “conviction” means “adjudication of guilt” — a mere withhold of adjudication of guilt of the prior offense will not suffice.
 
 State v. Menuto, supra,
 
 citing
 
 Malcolm v. State,
 
 605 So.2d 945 (Fla. 3d DCA 1992);
 
 Castillo v. State,
 
 590 So.2d 458 (Fla. 3d DCA 1991);
 
 Burkett v. State,
 
 518 So.2d 1363 (Fla. 1st DCA 1988).
 

 In
 
 Malcolm v. State, supra,
 
 the prosecution charged the defendant with possession of a firearm by a convicted felon, alleging that he had a prior conviction for the felony crime of unlawful sale of marijuana. The defendant pled guilty to the firearms charge, but later attacked his conviction alleging that he was not, in fact, a convict
 
 *1103
 
 ed felon at the time he possessed the firearm. In 1982, the defendant had entered a plea of guilty to the felony charge of unlawful sale of less than 20 grams of | n marijuana and the misdemeanor offense of unlawful possession of less than 20 grams of marijuana. The trial court withheld adjudication of guilt as to the felony offense. Based upon these facts, the court found that the defendant was not convicted of the offense. Because the defendant was never convicted of a felony, he could not be convicted of unlawful possession of a firearm by a convicted felon. The court found that the defendant was innocent of the firearm charge.
 

 In
 
 Castillo v. State, supra,
 
 the defendant appealed his conviction of several offenses, including possession of a firearm by a convicted felon. The court noted that Fla. Stat. § 790.23 makes it unlawful for any person who has been convicted of a felony to have in his possession any firearm. The defendant had a prior criminal record, but the prior proceedings resulted in the withholding of adjudication. The court held that for purposes of the statute, “conviction” means an adjudication of guilt. Where adjudication of guilt has been withheld, the offender is not a convicted felon. Therefore, the defendant’s conviction for possession of a firearm by a convicted felon was reversed.
 
 [1]
 

 In Louisiana, “convicted” means adjudicated guilty after a plea or after trial on the merits. La. C. Cr. P. art. 934(3). At present, our law does not contain a provision similar to Fla. Stat. § 948.01, which would allow the |12court to withhold an adjudication of guilt.
 
 [2]
 
 However, Louisiana previously had a statute allowing a conditional discharge for first offense possession
 
 *1104
 
 of certain drugs. Former La. R.S. 40:983
 
 [3]
 
 provided:
 

 A. Whenever any person who has not previously been convicted of any felony under any law or any misdemeanor under this Part pleads guilty to or is convicted of having violated R.S. 40:966(0(3), R.S. 40:967(0, R.S. 40:968(0, R.S. 40:969(0, or R.S. 40:970(0, and when it appears that the best interests of the public and of the defendant will be served,
 
 the court may, without entering a judgment of guilt and with the consent of such person, defer proceedings and place him on probation upon such reasonable terms and conditions as may be required.
 
 Among such conditions the court shall order that the defendant perform not less than one hundred hours of | ^court-approved community service that may include manual labor.
 

 B. Upon the defendant’s violation of any of the terms or conditions of his probation, the court may revoke his probation, enter an adjudication of guilt, and impose sentence upon such person. The entering of the adjudication of guilt shall be retroactive to the date the defendant pled guilty or was convicted under Subsection A of this Section, but the imposition or execution of sentence shall not be retroactive.
 

 C. Upon fulfillment of the terms and conditions of probation imposed in accordance with this Section, the court shall discharge such person and dismiss the proceedings against him.
 

 D.
 
 Discharge and dismissal under this Section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime,
 
 including the additional penalties imposed for second or subsequent convictions under R.S. 40:982.
 

 E.Discharge and dismissal under this Section may occur only once with respect to any person. [Emphasis supplied.]
 

 While this provision was in effect, jurisprudence in this state held that a plea made under the provisions of former La. R.S. 40:983 could not be considered an adjudication of guilt and could not serve as the basis for a charge of being a convicted felon in possession of a firearm. See
 
 State v. Randall,
 
 464 So.2d 971 (La.App. 4th Cir.1985);
 
 State v. Scott,
 
 95-0880 (La.App. 1st Cir.6/28/96), 677 So.2d 156;
 
 State v. Rowel,
 
 1997-1550 (La.App. 4th Cir.3/31/99), 732 So.2d 123.
 

 We are aware of Florida jurisprudence dealing with different statutes wherein the adjudication of guilt is not a necessary component of the definition of a “conviction.” See
 
 State v. Gazda,
 
 257 So.2d 242 (Fla.1971), construing Fla. Stat. § 775.14;
 
 Montgomery v. State,
 
 897 So.2d 1282 (Fla.2005), construing Fla. Stat. § 921.0021 and Fla. R.Crim. P. 3.702(d)(2); and
 
 Raulerson v. State, supra,
 
 construing Fla. Stat. § 322.01(10).
 

 While the definition of a “conviction” under Florida law varies according to the statutory and historical context, the jurisprudence of Florida is clear that for purposes of possession of a firearm by a convicted felon, a
 
 nolo contendere
 
 plea followed by a withholding of adjudication of guilt is not a conviction in that state. The conviction of a prior enumerated felony is one of the elements of proof necessary to obtain a conviction of possession of a firearm by a convicted felon in this state. Because the defendant was not “convicted” of possession of cocaine
 
 *1105
 
 under Florida law, that charge may not be used as a predicate offense for the charge of possession of a firearm by a convicted felon in Louisiana. Accordingly, the evidence presented by the prosecution in this matter is insufficient to support the conviction of possession of a firearm by a convicted felon. Therefore, we must reverse the defendant’s conviction and sentence on this charge and enter a verdict of not guilty. Because we reverse the conviction, we do not reach consideration of the defendant’s assignments of error concerning his motion to quash and to suppress the evidence against him.
 

 CONCLUSION
 

 For the reasons stated above, we find the evidence presented insufficient to support the conviction of the defendant, De-drick Jermaine | 15Jones, for possession of a firearm by a convicted felon. Accordingly, we reverse the conviction and sentence and render a verdict of not guilty.
 

 REVERSED; VERDICT OF NOT GUILTY ENTERED.
 

 [1]
 

 . See also
 
 State v. Snyder,
 
 673 So.2d 9 (Fla.1996), holding that for purposes of Fla. Stat. § 790.23, an individual is "convicted” from the point of being adjudicated guilty. See also
 
 State v. McFadden, supra,
 
 in which the Florida Supreme Court was called upon to construe Fla. Stat. § 90.610(1), dealing with the use of prior convictions for impeachment purposes and determined that, for purposes of impeachment, a judgment of the court adjudicating the defendant guilty was necessary to constitute a "conviction.”
 

 [2]
 

 . La. C. Cr. P. art. 893(E)(1)(a), dealing with suspension and deferral of sentence and probation in felony cases, provides:
 

 When it appears that the best interest of the public and of the defendant will be served, the court may defer, in whole or in part, the imposition of a sentence after conviction of a first offense noncapital felony under the conditions set forth in this Paragraph. When a conviction is entered under this Paragraph, the court may defer the imposition of sentence and place the defendant on probation under the supervision of the division of probation and parole.
 

 This provision allows for deferral of sentence
 
 after conviction.
 

 La. C. Cr. P. art. 893(E)(3) states:
 

 (a) When a case is accepted into a drug court division probation program pursuant to the provisions of R.S. 13:5304 and at the conclusion of the probationary period the court finds that the defendant has successfully completed all conditions of probation, the court with the concurrence of the district attorney may set aside the conviction and dismiss prosecution, whether the defendant’s sentence was suspended under Paragraph A of this Article or deferred under Subparagraph (1) of this Paragraph. The dismissal of prosecution shall have the same effect as an acquittal, except that the conviction may be considered as a first offense and provide the basis for subsequent prosecution of the party as a multiple offender, and shall be considered as a first offense for purposes of any other law or laws relating to cumulation of offenses.
 

 (b) The court may extend the provisions of this Paragraph to any person who has previously successfully completed a drug court program and satisfactorily completed all other conditions of probation.
 

 (c) Dismissal under this Paragraph shall have the same effect as an acquittal for purposes of expungement under the provisions of R.S. 44:9 and may occur only once with respect to any person.
 

 [3]
 

 . Former La. R.S. 40:983 was repealed by Acts 1995, No. 1251, § 2.